IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| CHRISTOPHER ODOM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:11-2713-RMG-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| STATE OF SOUTH CAROLINA,[1] | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Christopher Odom ("Odom"), filed a one page petition captioned "Habeas Corpus Relief" on October 10, 2011. The undersigned issued an order requiring Odom to bring his case into proper form and he was sent a standard "Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody" form. Odom brought his case into proper form by completing and filing the standard § 2254 petition form on November 2, 2011 ("the Amended Petition"). Service of process was authorized on November 18, 2011.

The proper Respondent in a habeas petition is the Petitioner's custodian. In the Amended Petition, Odom named the State of South Carolina and Alan Wilson, the Attorney General of South Carolina, as Respondents. In both the original petition and Amended Petition, Odom asserts that he is being held by the South Carolina Department of Mental Health ("SCDMH") in violation of his constitutional rights.

---

[1]Respondent, the South Carolina Department of Mental Health ("SCDMH"), is improperly identified as the State of South Carolina.

1

## 1. Motion for Default Judgment

Odom filed a motion for default judgment on January 18, 2012 indicating that he had not received a response from Respondents. Respondents filed an opposition memorandum on January 27, 2012. The record shows that Odom is not entitled to judgment by default.

The order authorizing service of process filed November 18, 2011 in this case required Respondents to respond "as soon as reasonably possible, but no later than fifty (50) days from the date of service." The record shows that Respondents filed a "Motion to Dismiss and/or In the Alternative, Answer On Behalf of the State of South Carolina" on January 6, 2012. Therefore, SCDMH's responsive pleading was timely filed and served. In any event, Rule 55, Fed.R.Civ.P., pertaining to default judgment, is not applicable to habeas cases. Kelley v. McCall, 2010 WL 1999521 (D.S.C.), citing Allen v. Perini, 424 F.2d 134 (6th Cir. 1970).

## 2. Motion to Dismiss

As noted above, Respondents filed a motion to dismiss/answer on January 6, 2012. Because Odom is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 9, 2012, explaining the dismissal procedures and advising him of his responsibility to respond to the motion to dismiss. Odom has not responded.

Respondents assert that Odom's petition should be dismissed because he is no longer in the custody of the SCDMH. This appears to be the case. On November 28, 2011, Odom notified the Court that his address had changed to 3841 Leeds Ave., North Charleston, South Carolina, the address of the Charleston County Detention Center ("CCDC")[2]

---

[2]Although the record in this case is sparse, it appears that Odom was a pretrial detainee at CCDC and was sent to the SCDMH for a competency evaluation. He filed his petition while he was detained at SCDMH, but he has been returned to CCDC to await trial.

A petition for a writ of habeas corpus pursuant to § 2254 may only be brought by a person "in custody pursuant to the judgment of a state court...." 28 U.S.C. § 2254. The person does not have to be in prison to meet the "in custody" requirement. *See* <u>Brown v. Warden of Lieber Corr.Inst.</u>, 2009 WL 2150339, *4 (D.S.C.). "If he is subject to any 'restraints on a man's liberty, restraints not shared by the public generally' he is considered 'in custody.'" *Id.* Generally, unconditional release from custody will moot a § 2254 petition. *Id.*

At the time Odom filed his present petition, he was "in custody" of SCDMH, presumably pursuant to a state court order for evaluation. He has been released by SCDMH, and it appears that he has returned to his status as a pretrial detainee. In that status, Odom is no longer "in custody" pursuant to a judgment of a state court.

However, in limited circumstances, a pretrial detainee can seek habeas relief pursuant to 28 U.S.C. § 2241. Even if the present petition was liberally construed[3] as a § 2241 petition it should be dismissed. Habeas relief under § 2241 is available only if "special circumstances," such as a claim of double jeopardy, dictate federal review. <u>Allen v. Dorriety</u>, 2012 WL 787024, *2 (D.S.C.), citing <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224-226 (5th Cir. 1987). Federal courts abstain from considering claims of pretrial detainees where the petitioner can raise his claims through the course of the state criminal process. <u>Driggers v. Alvin S. Glenn Detention Center</u>, 2011 WL 6202823, * (D.S.C.), citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971). If Odom wishes to contest the sufficiency of the charges pending against him, he must do so in the South Carolina courts. Further, a state prisoner or detainee must fully exhaust his claims for relief in state court before he may proceed in this Court either under § 2254 or § 2241. *See* <u>McFadden v. Major</u>, 2010 WL 1542531, *2 (D.S.C.). There is

---

[3]*See* <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir. 1978).

3

no indication that Odom has pursued his state court remedies, and Respondents, in their motion to dismiss/answer allege that Odom has not exhausted his state court remedies. (Respondents' Mot., p. 2).

It is, therefore, recommended that:

1. Petitioner's motion for default judgment be **denied**; and

2. Respondents' motion to dismiss be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

May 21, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).