IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher Odom, )
)
    Petitioner, ) Civil Action No.: 3:11-2713-RMG
)
v. )
) **ORDER**
State of South Carolina, )
)
    Respondent. )
)

In this case, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 9). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On November 18, 2011, the Magistrate Judge specifically instructed Petitioner that he must keep the Court advised in writing of any change of address and that failure to do so could result in dismissal of his case. (Dkt. No. 12). On January 6, 2012, Respondent filed a motion to dismiss and an answer. (Dkt. No. 15). On January 9, 2012, the Magistrate Judge specifically instructed Petitioner of the deadline for filing a response to Respondent's motion to dismiss and that failing to respond could result in dismissal of the case. (Dkt. No. 16). On January 18, 2012, Petitioner filed a motion for default judgment (Dkt. No. 23), and on January 27, 2012, Respondent filed a response in opposition to the motion for default judgment (Dkt. No. 24). Petitioner did not file a response to Respondent's motion to dismiss. Further, Petitioner apparently has not updated the Court with his current address. (*See* Dkt. No. 32 (stating that the mail to Petitioner was returned as undeliverable)). On May 21, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion to dismiss be granted and that Petitioner's motion for default judgment be denied. (Dkt.

No. 30). The Magistrate Judge specifically instructed Petitioner regarding the deadline for filing objections to the Report and Recommendation and that failing to file objections could result in dismissal of the case. Nevertheless, Petitioner did not file any objections to the Report and Recommendation. As explained herein, the Court agrees with the conclusions reached in the Report and Recommendation. Accordingly, the Court grants Respondent's motion to dismiss and denies Petitioner's motion for default judgment.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as here, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In this case, Petitioner filed a motion for default judgment notwithstanding the fact that Respondent filed a timely motion to dismiss and answer. (*See* Dkt. No. 15). Petitioner has not established that he is entitled to a default judgment against Respondent. Thus, Petitioner's motion for default judgment is denied. Further, Petitioner has not stated a valid basis for habeas

corpus relief, and therefore his petition must be dismissed. In his petition, Petitioner asserts four grounds for relief: 1) freedom of speech, 2) breach of contract, 3) cruel and unusual punishment / defamation of character / malicious prosecution / food as weapon / illegal use of restraints, and 4) Article III of the United States Constitution. (Dkt. No. 9). Petitioner does not set forth any valid arguments as to why he is entitled to habeas corpus relief pursuant to any of these grounds. In fact, Petitioner's allegations are nonsensical. For example, in the section of the petition where Petitioner is required to set forth facts supporting his "freedom of speech" ground for relief, Petitioner simply wrote, "Petitioner is mute." (*Id.* at 5). Petitioner clearly has not stated a valid claim for habeas corpus relief in his petition. Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). Here, there is no indication that Petitioner has pursued any state court remedies with regard to the claims in his petition. Finally, Petitioner's petition is subject to dismissal for failure to prosecute, as Petitioner has not filed a response to Respondent's motion to dismiss, has not filed objections to the Magistrate Judge's Report and Recommendation recommending dismissal, and has not kept the Court updated regarding Petitioner's address. *See* FED. R. CIV. P. 41(b); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

## Conclusion

For the foregoing reasons, Respondent's motion to dismiss (Dkt. No. 15) is granted, and Petitioner's motion for default judgment (Dkt. No. 23) is denied. Accordingly, Petitioner's petition is dismissed with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 25, 2012
Charleston, South Carolina